SEDGWICK LLP
ROBERT D. EASSA, State Bar No. 107970
*robert.eassa@sedgwicklaw.com*
DELIA A. ISVORANU, State Bar No. 226750
*delia.isvoranu@sedgwicklaw.com*
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
Telephone: 415-781-7900
Facsimile: 415-781-2635

Attorneys for Defendant
CHEVRON U.S.A. INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JENNIFER ANDERSON, on behalf of herself and other persons similarly situated,<br><br>        Plaintiff,<br><br>     v.<br><br>CHEVRON U.S.A., INC., a Delaware Corporation; and DOES 1 through 100, inclusive<br><br>        Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1331, 1441(a), (c), AND 29 U.S.C. §§203, 206, &207 [ORIGINAL JURISDICTION]** |

TO THE CLERK OF THE U.S. DISTRICT COURT:

    **PLEASE TAKE NOTICE** that Defendant Chevron U.S.A. Inc. ("CUSA") hereby removes this action, currently pending in the Superior Court of the State of California, County of Contra Costa, to the United States District Court for the Northern District of California, San Francisco/Oakland Division. This Court has original/federal question jurisdiction pursuant to 28 U.S.C. Sections 1331, 1441(a), (c), and 29 U.S.C. Sections 203, 206 and 207. CUSA further states as follows in support of this removal:

### THE REMOVED CASE

    1.    The removed case is a civil action filed by Plaintiff Jennifer Anderson ("Plaintiff")

on September 7, 2016 in the Superior Court of the State of California, County of Contra Costa, entitled *Jennifer Anderson v. Chevron U.S.A., Inc., and Does 1 through 100*, Case No. C16-01724. CUSA was not served at that time.

2. Plaintiff filed a First Amended Class Action Complaint ("FAC") on November 16, 2016. (FAC and Civil Summons, collectively attached hereto as Exhibit A.)

3. Plaintiff's First Cause of Action is for "Alleged Failure to Pay Wages Under the FLSA," pursuant to 29 U.S.C. Sections 203, 206, and 207, known as the Fair Labor Standards Act ("FLSA").

4. CUSA was served with the FAC and Civil Summons on December 8, 2016, when CUSA timely returned a duly executed Notice of Acknowledgment of Receipt.

## REMOVAL IS APPROPRIATE AND TIMELY

5. Removal is appropriate because this Court has original/federal question jurisdiction under 28 U.S.C. Sections 1331 and 1441(a) & (c) by virtue of Plaintiff's federal FLSA claims pursuant to 29 U.S.C. Sections 203, 206, and 207.

6. Removal is timely because, pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal if being filed within thirty (30) days after the receipt by CUSA, through service or otherwise, of a copy of the pleading setting forth the claim for relief upon which such action or proceeding is based. CUSA was first served with the Summons and FAC on December 8, 2016. This Notice is being filed within thirty (30) days after the service of a copy of Plaintiff's Summons and FAC and is, therefore, timely filed pursuant to 28 U.S.C. Section 1446(b).

## JURISDICTION

7. Original, federal-question jurisdiction exists pursuant to 28 U.S.C. Sections 1331 and 1441(a) by virtue of Plaintiff's First Cause of Action under 29 U.S.C. Sections 203, 206, and 207, the FLSA.

8. Supplemental jurisdiction exists with regard to each of Plaintiff's state claims pursuant to 28 U.S.C. Section 1367(a) because the relationship between Plaintiff's FLSA and state claims is such that they form part of the same case or controversy. Supplemental jurisdiction also exists pursuant to 28 U.S.C. section1441(c).

Sedgwick LLP

**INTRADISTRICT ASSIGNMENT**

9.     The Northern District of California, San Francisco/Oakland Division, is the appropriate division assignment because the state court FAC was filed in the Superior Court of the State of California, Contra Costa County, and the FAC alleges that CUSA is headquartered and employs individuals in Contra Costa County.

**PAPERS FROM REMOVED ACTION**

10.     As required by 28 U.S.C. Section 1446(a), attached are copies of all process and pleadings served upon CUSA in the removed case, and are incorporated herein by this reference. True and correct copies of FAC and Civil Summons are collectively attached hereto as Exhibit A.

**ALL REMOVAL PROCEDURAL REQUIREMENTS ARE SATISFIED**

11.     CUSA is the only named defendant. No other parties are required to join and consent to the removal of this action.

12.     Promptly following the filing of this Notice of Removal, written notice of the removal of this action will be served upon Plaintiff pursuant to 28 U.S.C. Section 1446(d).

13.     A copy of this Notice of Removal will be promptly filed with the clerk of the Superior Court of California, County of Contra Costa, pursuant to 28 U.S.C. Section 1446(d).

14.     No previous application has been made for the relief requested herein.

15.     The prerequisites for removal under 28 U.S.C. Section 1441 are met.

16.     The allegations of this notice are true and correct and within the jurisdiction of the United States District Court for the Northern District of California.

17.     If any question arises as to the propriety of the removal of this action, CUSA requests the opportunity to present a written brief and oral argument in support of its position that this case is removable.

18.     CUSA reserves the right to amend or supplement this Notice of Removal.

///

///

///

///

84126091v1

-3-

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1331, 1441(a), (c),
AND 29 U.S.C. §§203, 206, &207 [ORIGINAL JURISDICTION]

Sedgwick LLP

WHEREFORE, CUSA hereby removes this action now pending in the Superior Court of the State of California, County of Contra Costa, Case No. C16-01724 to this Honorable Court, and request this Court to retain jurisdiction over the entire matter for all further proceedings.

DATED: January 9, 2017

SEDGWICK LLP

By: ___/s/ Delia A. Isvoranu___
DELIA A. ISVORANU
Attorneys for Defendant
CHEVRON U.S.A. INC.

84126091v1

-4-

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1331, 1441(a), (c), AND 29 U.S.C. §§203, 206, &207 [ORIGINAL JURISDICTION]**

EXHIBIT A

FIRST AMENDED COMPLAINT

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

2016 NOV 16 P 2: 56

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHEVRON U.S.A., INC., a Delaware Corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JENNIFER ANDERSON, on behalf of herself and on behalf of a Class of all other persons similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>County of Contra Costa, Wakefield Taylor<br>725 Court Street, Martinez, CA 94553-1233 | CASE NUMBER:<br>*(Número del Caso):*<br>C16-01724 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard E. Quintilone II (SBN 200995)     Telephone No.: 949-458-9675
Quintilone & Associates, 22974 El Toro, Suite 100, Lake Forest, CA 92630     Fax No.: 949-458-9679

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 11-16-16 | Clerk, by<br>*(Secretario)* D. Weber | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms



1  RICHARD E. QUINTILONE II (SBN 200995)
   ALVIN B. LINDSAY (SBN 220236)
2  **QUINTILONE & ASSOCIATES**
   22974 EL TORO ROAD, SUITE 100
3  LAKE FOREST, CA 92630
   TELEPHONE:    (949) 458-9675
4  FACSIMILE:     (949) 458-9679
   E-MAIL: REQ@QUINTLAW.COM; ABL@QUINTLAW.COM
5
6  Attorneys for Plaintiff, JENNIFER ANDERSON on behalf of herself and on behalf of a Class of all
   other persons similarly situated.  [*Additional counsel listed below*]
7

FILED

2016 NOV 16 P 2: 56

8              **SUPERIOR COURT OF CALIFORNIA**      PER LOCAL RULE 5 THIS

9                **COUNTY OF CONTRA COSTA**          CASE IS ASSIGNED TO
                                                     DEPT ___17___
10

11  JENNIFER ANDERSON, on behalf of herself    | Case No.: C16-01724
    and on behalf of a Class of all other persons
12  similarly situated                          | **CLASS ACTION**
                                                 | **Assigned For All Purposes To:**
13          Plaintiff,                           | Hon.: Barry P. Goode
                                                 | Dept.: 17
14      vs.
                                                 | **CLASS ACTION COMPLAINT FOR:**
15  CHEVRON U.S.A., INC., a Delaware             | 1. **FAILURE TO PAY WAGES UNDER THE FLSA**
16  Corporation; and DOES 1 through 100,         |    **[29 USC §§ 206, 207];**
    inclusive,                                   | 2. **FAILURE TO PAY OVERTIME**
17                                               |    **COMPENSATION;**
           Defendants.                           | 3. **FAILURE TO PROVIDE MEAL PERIODS;**
18                                               | 4. **FAILURE TO PROVIDE REST PERIODS;**
                                                 | 5. **FAILURE TO PROVIDE ACCURATE**
19                                               |    **ITEMIZED WAGE STATEMENTS;**
                                                 | 6. **FAILURE TO PAY WAGES FOR HOURS**
20                                               |    **WORKED;**
                                                 | 7. **FAILURE TO PAY WAGES DUE AND**
21                                               |    **PAYABLE TWICE MONTHLY**
                                                 | 8. **FAILURE TO COMPLY WITH WRITTEN**
22                                               |    **REQUEST TO INSPECT OR COPY**
                                                 |    **RECORDS;**
23                                               | 9. **FAILURE TO REIMBURSE BUSINESS**
                                                 |    **EXPENSES;**
24                                               | 10. **FAILURE TO PAY WAGES UPON**
                                                 |     **TERMINATION OF EMPLOYMENT;**
25                                               | 11. **UNLAWFUL COMPETITION AND**
                                                 |     **UNLAWFUL BUSINESS PRACTICES; and**
26                                               | 12. **VIOLATION OF PRIVATE ATTORNEYS**
                                                 |     **GENERAL ACT**
27                                               | **DEMAND FOR JURY TRIAL**
28
                                                 | Complaint Filed: September 7, 2016

                                  -1-

───────────────────────────────────────────
          FIRST AMENDED CLASS ACTION COMPLAINT

FAX FILING

**ADDITIONAL COUNSEL FOR PLAINTIFF:**

ROGER CARTER (SBN 140196)
BIANCA A. SOFONIO (SBN 179520)
**THE CARTER LAW FIRM**
23 CORPORATE PLAZA DRIVE, SUITE 150
NEWPORT BEACH CA 92660
TELEPHONE:    (949) 629-2565
EMAIL: RCARTER@CARTERLAWFIRM.NET; BIANCA@CARTERLAWFIRM.NET

MARC H. PHELPS (SBN 237036)
**THE PHELPS LAW GROUP**
23 CORPORATE PLAZA DRIVE, SUITE 150
NEWPORT BEACH CA 92660
TELEPHONE:    (949) 629-2565
EMAIL: MARC@PHELPSLAWGROUP.COM

FIRST AMENDED CLASS ACTION COMPLAINT

All allegations in this Class Action Complaint are based upon information and belief except for those allegations, which pertain to the PLAINTIFF and her counsel.  Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after discovery.  PLAINTIFF JENNIFER ANDERSON ("Plaintiff"), on behalf of herself and all others similarly situated, complains of DEFENDANTS, and each of them, and for causes of action in this Class Action Complaint alleges:

1. **INTRODUCTION**

1. This is a class action, pursuant to California Code of Civil Procedure § 382, and an FLSA collective action under 29 U.S.C. §§ 206 and 207, on behalf of Plaintiff and all non-exempt production operations employees employed by, or formerly employed by, CHEVRON U.S.A., INC., a Delaware Corporation; and DOES 1 through 100 (collectively "Defendants"), within the State of California in positions related to managing and inspecting the production and operations of job sites and work crews, including all "Operators" involved with production operations before, during, and after the refinery stages. These non-exempt production operations employees who are employed by, or who were formerly employed by, Defendants within the State of California are hereinafter referred to individually as "Class Members" and collectively as the "Class" or "Classes."

2. For at least four years prior to the filing of this action and through to the present ("relevant time period" or "liability period"), Defendants consistently maintained and enforced against Defendants' non-exempt production operations employees, among others, the below addressed unlawful practices and policies, in violation of California state wage and hour laws, including:

    (a)    During the relevant time period, Defendant has had a consistent policy of requiring employees to work more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, and of not paying them all overtime compensation pursuant to applicable California Labor Code requirements and under the FLSA;

    (b)    During the relevant time period, Defendant has had a consistent policy of requiring Class Members within the State of California, including Plaintiff, to work at least five (5) hours without a lawful meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday

that the meal period is not provided, as required by California state wage and hour laws.

(c)     During the relevant time period, Defendants have had a consistent policy of failing to provide Class Members within the State of California, including Plaintiff, rest periods of at least (10) minutes per three and a half (3.5) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws.

(d)     With respect to Class Members who either were discharged, laid off, or resigned, during the relevant time period, Defendants failed to pay them in accordance with the requirements of Labor Code §§ 201, 202, 203;

(e)     During the Relevant Time Period, Defendants have had a consistent policy of failing to provide Class Members within the State of California, including Plaintiff, reimbursement of all necessary business expenses incurred in performing their job duties, including for uniforms and fire resistant clothing and for the miles they were required to drive to perform their job duties, as required under Labor Code § 2802; and

(f)     During the relevant time period, Defendants failed to maintain accurate records of Class Members' earned wages and work periods as evidenced by Defendants' failure to keep adequate records of meal periods.

3.      Plaintiff, on behalf of herself and all other Class Members, brings this action pursuant to California Labor Code §§ 201, 202, 203, 204, 218, 218.6, 226, 226.7, 432, 510, 512, 558, 1194, 1197, 1198, 1198.5, 1199, 2800, 2802, 2698, 2699, 2699.3, 2699.5, and California Code of Regulations, Title 8, sections 11000, 11010, *et seq.*, seeking unpaid overtime, meal and rest period compensation, reimbursement of business expenses, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees and costs.

4.      Plaintiff, on behalf of herself and all Classes, pursuant to Business and Professions Code §§ 17200-17208, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

## 2. PARTIES

### A. Plaintiff

5. Plaintiff JENNIFER ANDERSON, at all relevant times, was and is a resident of California. She was employed by Defendants as a non-exempt production operations employee and consistently worked more than eight (8) hours a day without being paid all wages due. More specifically, Plaintiff and the other similarly situated Class Members were employed in a production operations capacity, with responsibilities for managing and inspecting the production and operations of job sites and work crews throughout California and are involved in planning, logistics, paperwork and permits, operations, team development, and in drilling, workover, snubbing, and coiled tubing operations and field operations and maintenance, including before, during, and after the refinery stages and throughout the pumping process. Plaintiff's job titles and duties included Diatomite Production Operator, Production Thermal Operator, Co-Gen Unit Operator, and Rod Pumper. She shared similar job duties and responsibilities with, was subjected to the same policies and practices as, and endured similar violations at the hands of Defendants as did, the other Class Members who served in "Operator" related positions, including but not limited to Production Operators and Production Operations Specialists, Facility Operators, Diatomite Operators, Control Room Operators, Fieldmen, and those employed in other related job positions and capacities as these similarly situated employees (referred to herein as "production operations employees").

6. Defendants also failed to provide Plaintiff and the Class with lawful meal and rest periods, as employees were almost always scheduled to work alone or were otherwise expected to remain on-duty throughout their shifts, and thus, had no opportunity to take an uninterrupted and duty-free rest periods and meal breaks as required by the Labor Code. Defendants failed to record accurate time for these employees, and provided Plaintiff and the Class Members with inaccurate wage statements that prevented Plaintiff and the Class from learning of these unlawful pay practices. Defendants also refused to comply with a lawful request for personnel records under California law.

### B. Defendants

7. CHEVRON U.S.A., INC., a Delaware Corporation; and DOES 1 through 100 (collectively "Defendants"), does business within the State of California. Defendant CHEVRON U.S.A.,

INC. does business throughout the United States, and upon information and belief has its principal place of business in San Ramon, California.

8.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under California Code of Civil Procedure § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

9.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Classes.

10.    Venue as to each Defendant is proper in this judicial district, pursuant to California Code of Civil Procedure § 395.   On information and belief, Defendants operate and are doing business as CHEVRON U.S.A., INC., with headquarters in Contra Costa County, California and are also doing business throughout the United States and throughout California, and each Defendant is within the jurisdiction of this Court for service of process purposes.  The unlawful acts alleged herein have had a direct effect on Plaintiff and those similarly situated within the State of California.  Defendant employs numerous Class Members in Contra Costa County.

## 3.    FACTUAL BACKGROUND

11.    Plaintiff and the Class Members are, and at all times pertinent hereto have been, non-exempt production operations employees within the meaning of the California Labor Code and the implementing rules and regulations of IWC California Wage Orders.  Defendant hires hourly employees who work in non-exempt positions in the State of California.

12.    During the course of Plaintiff and the Class Members' employment with Defendants, they were not paid all wages they were owed, including for all work performed (resulting in "off the

clock" work) and for all overtime hours worked. Plaintiff and the Class Members were regularly asked to work twelve (12) hour shifts and were at least scheduled for eight (8) hour shifts. As a matter of uniform company policy, in order for Plaintiff and the Class Members to receive overtime, they were required to fill out a pink sheet, or a "Pinky," detailing their overtime, and it was at the discretion of the managers as to whether they would actually sign the Pinky so that Plaintiff and the Class Members would be accurately paid for all the overtime that they rightfully earned. As a result, Plaintiff and the Class Members worked substantial overtime hours during their employment with Defendants for which they were not compensated, in violation of the California Labor Code.

13. As a matter of uniform Company policy, Plaintiff and the Class Members were required to work off the clock due to the imposition of "turnover" time and preparation for "breakout meetings, both of which were **not** compensated by Defendants. Plaintiff and the Class Members were required to participate in a shift "turnover," which required Plaintiff and the Class Members to work more than twelve (12) hours on their scheduled 12 hour shifts. This "turnover" time was off the clock work that was **not** compensated by Defendants. Plaintiff and the Class Members were also required by Defendants and their policies and practices to work off the clock before their work shifts. For example, if they were scheduled to begin a work shift at 6:00 a.m., Plaintiff and the Class Members were required to arrive at work well before the shift start time in order prepare information and documents required at "breakout" meetings that were scheduled by Defendants at the start of work shifts. During these meetings, Plaintiff and the Class Members would address what they needed to accomplish that workday, who their crews were going to be, where those crews were going to be located, equipment that was down, work permit issues, and the like. In order to address these matters at the breakout meeting, Plaintiff and the Class Members were required to be prepared to discuss them at the meetings and were compelled to arrive at work and work off the clock compiling all necessary information for the breakout meetings, which had to be gathered before the start of their work shift. This time invested in preparing for the meetings and participating in them was integral to Plaintiff and the Class performing their daily job duties for Defendant, and the expectation that they arrive as much as 30 minutes early for work was and understood policy and an expected practice. Managers would even state that, "if you're on time, then you're late." Plaintiff and the Class

Members were thus required to work off the clock and were not compensated for such time, in violation of the California Labor Code and the FLSA. Plaintiff and the Class Members were also **not** paid overtime for the time they were required to dedicate to responding to work related e-mails and text messages, and to comply with other requirements imposed upon them, which they had to complete while off-duty.

14. As a result of these pre and post shift requirements to work off the clock, the daily work demands and pressures to work through breaks, the imposition of the "pinky" time tracking and approval policy that led to uncompensated work, and the other wage violations they endured at Defendant's hands, Plaintiff and the Class Members were not properly paid for all wages earned and for all wages when working more than eight (8) hours in any given day and/or more than forty (40) hours in any given week. As a result of Defendants' unlawful policies and practices, Plaintiff and Class Members were required to work more than 8 hours on most work days and worked more than 40 hours in each of their work weeks, thus consistently incurring overtime hours worked, but Plaintiff estimates they were not paid by Defendants for at least 2-3 hours of overtime per week.

15. Defendants also failed to pay all overtime hours earned for hours worked on and beyond a seventh consecutive work day in violation of both state and federal law. Plaintiff and the Class Members generally were scheduled to work at least twelve (12) hour shifts, with those in some positions working generally eight (8) hour shifts. The pre-shift and post-shift transition requirements, and the other pressure to work off the clock and through breaks exerted on Plaintiff and the Class Members by Defendants, resulted in Class Members regularly working shifts of over eight (8) hours, and usually over twelve (12) hours in duration. Defendant also required Plaintiff and the Class Members to work these extended shifts for several consecutive days in a row, often as many as 7 to 10 days in a row during certain work weeks and pay periods. However, Defendants followed a policy and practice of further denying overtime payments to Plaintiff and the Class Members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the Labor Code and applicable IWC Wage Orders.

16.     Plaintiff and the Class Members were also not provided lawful meal periods and were asked to work their twelve (12) hour shifts for Defendants without being provided with the requisite two (2) meal periods.   Plaintiff and the Class Members were generally either scheduled to work alone, and could not be relieved to take breaks, or were required to remain on-duty at all times and were unable to take off-duty breaks.   On the occasions when Plaintiff and the Class Members were provided with a meal period, it was often untimely or interrupted, as they were required to respond to work demands, and they were not provided with one (1) hour's wages in lieu thereof.   Defendant would also schedule meetings during times that should have been dedicated to meal periods, and informed Plaintiff she would be fine as long as she got some food.  Meal period violations thus occurred in one or more of the following manners:

(a)     Class Members were not provided full thirty-minute duty free meal periods for work days in excess of five (5) hours and were not compensated one (1) hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

(b)     Class Members were not provided second full thirty-minute duty free meal periods for work days in excess of ten (10) hours;

(c)     Class Members were required to work through at least part of their daily meal period(s);

(d)     Meal period were provided after five hours of continuous work during a shift; and

(e)     Class Members were restricted in their ability to take a full thirty-minute meal period.

17.     Plaintiff and the Defendants' non-exempt production operations employees were also not authorized and permitted to take lawful rest periods, were often asked by Defendants to work their entire twelve (12) hour shift continuously without any rest break at all, and were not provided with one (1) hour's wages in lieu thereof.  Rest period violations therefore arose in one or more of the following manners:

(a)     Class Members were required to work without being provided a minimum ten minute rest period for every three and a half (3.5) hours or major fraction thereof worked and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

(b)    Class Members were not authorized and permitted to take timely rest periods for every four hours worked, or major fraction thereof; and

(c)    Class Members were restricted in their ability to take their full ten (10) minutes net rest time or were otherwise not provided with duty-free rest periods.

18.    As a result of these illegal policies and practices, Defendants engaged in and enforced the following additional unlawful practices and policies against Plaintiff and the Class Members she seeks to represent:

(a)    failing to pay all wages owed to Class Members who either were discharged, laid off, or resigned in accordance with the requirements of Labor Code §§ 201, 202, 203;

(b)    failing to pay all wages owed to the Class Members twice monthly in accordance with the requirements of Labor Code § 204;

(c)    failing to pay Class Members all wages owed, including all meal and rest period premium wages pursuant to Labor Code § 226.7; and

(d)    failing to maintain accurate records of Class Members' earned wages and meal periods in violation of Labor Code §§ 226 and 1174(d) and section 7 of the applicable IWC Wage Orders.

19.    Defendants have made it difficult to account with precision for the unlawfully withheld meal and rest period compensation owed to Plaintiff and the Class, during the liability period, because they did not implement and preserve a record-keeping method as required for non-exempt production operations employees by California Labor Code §§ 226, 1174(d), and paragraph 7 of the applicable California Wage Orders.  Upon information and belief, time clock punches were not maintained for work shifts and meal periods, and were automatically presumed based on a certain amount of scheduled hours, including deductions for alleged meal periods.   Defendants also failed to accurately record and pay for all regular and overtime hours worked and submitted by Plaintiff and the Class Members.  Defendants have thus also failed to comply with Labor Code § 226(a) by inaccurately reporting total hours worked and total wages earned by Plaintiff and the Class Members, along with the appropriate applicable rates, among others requirements.

Plaintiff and Class Members are therefore entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(b).

20.    Defendants have failed to comply with paragraph 7 of the applicable California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class Members.

21.    As part of Plaintiff and the Class Members' job duties Defendant required them to perform, Plaintiff and the Class were also required to wear fire resistant clothing, which was clothing of a unique design and style specific to their work that could not be worn elsewhere.  Plaintiff and the Class Members were also often required to drive great distances in a work shift to visit assigned work sites and facilities. They were not provided with a company vehicle for this purpose and Defendants instead required non-exempt production operations employees to use their own automobiles, all without any reimbursement for the miles they drove or for the maintenance on their vehicles.  Plaintiff and the Class Members were thus required to purchase fire resistant clothing, and incur mileage and wear and tear on their automobiles, in order to perform their assigned job duties.  These are expenses for which Plaintiff and the Class Members were never reimbursed, in violation of California Labor Code § 2802(a) and the applicable California Code of Regulations.

22.    On information and belief, Plaintiff alleges that Defendants' actions as described throughout this Complaint were willful.

23.    **The Fair Labor Standards Act**: The FAIR LABOR STANDARDS ACT OF 1938, as amended, 29 U.S.C. §§ 201 et seq. (hereinafter referred to as "FLSA"), provides for minimum standards for both wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated. The enactment of the provisions of the FLSA provide the Courts with substantial authority to stamp out abuses and enforce the minimum wage and overtime pay provisions at issue in this Complaint.  According to Congressional findings, the existence of Labor conditions detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, and barriers to commerce and the free flow of goods in

FIRST AMENDED CLASS ACTION COMPLAINT

commerce, and interferes with the orderly and fair marketing of goods.

4. <u>**CLASS ALLEGATIONS**</u>

24.     Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to California <u>Code of Civil Procedure</u> § 382.  Plaintiff seeks to represent a Class composed of and defined as:

> **All persons who are employed or have been employed by Defendants in the State of California who, during any time from four years prior to the filing of this class action to the present, have worked as non-exempt production operations employees.**

Further, Plaintiff seeks to represent the following subclasses composed of and defined as follows:

(a)     **Subclass 1.  Overtime Subclass.**  All Class Members who worked more than eight (8) hours in a day and/or forty (40) hours in any given week and who were not paid overtime compensation pursuant to the <u>Labor Code</u> and applicable IWC Wage Order requirements.

(b)     **Subclass 1.1.  Seven Consecutive Days Overtime Subclass**.  All Class Members who were not paid at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the <u>Labor Code</u> § 510 and paragraph 3 of the applicable IWC Wage Orders.

(c)     **Subclass 2.  Meal Break Subclass.**  All Class Members who have not been provided a meal period for every five (5) hours or major fraction thereof worked per day, and were not provided one (1) hour's pay for each day on which such meal period was not provided pursuant to <u>Labor Code</u> § 226.7 & § 512.

(d)     **Subclass 3.  Rest Period Subclass.**  All Class Members who have not been provided a rest period for every three and a half (3.5) hours or major fraction thereof worked per day, and were not provided compensation of one (1) hour's pay for each day on which such rest period was not provided pursuant to <u>Labor Code</u> § 226.7 & § 512.

(e)     **Subclass 4. Paystub Subclass.**  All Class Members who were not provided an itemized wage statement accurately showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate for Class Members paid on a piece-rate basis, (4) all deductions, (5)

net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to <u>Labor Code</u> § 226.

(f) **Subclass 5. Wage Payment Subclass.** All Class Members who were not provided all straight time wages earned pursuant to the <u>Labor Code</u> and applicable IWC Wage Orders.

(g) **Subclass 6. Twice Monthly Pay Subclass.** All Class Members who were not paid twice monthly in accordance with <u>Labor Code</u> § 204.

(h) **Subclass 7. Personnel Records Subclass.** All Class Members who were not provided a copy of their employment records after a lawful request pursuant to <u>Labor Code</u> §§ 226, 432 and 1198.5.

(i) **Subclass 8. Expense Reimbursement Subclass.** All Class Members who were not reimbursed for their business expenses pursuant to <u>Labor Code</u> § 2802.

(j) **Subclass 9. Termination Pay Subclass.** All Class Members who were not provided all wages due upon termination or resignation pursuant to <u>Labor Code</u> §§ 200 through 203.

(k) **Subclass 10. B&P Code § 17200 Subclass.** All Class Members who were subjected to Defendants' unlawful, unfair or fraudulent business acts or practices in the form of <u>Labor Code</u> violations regarding overtime, meal periods, rest periods, expense reimbursement or minimum wages and/or waiting time penalties.

25. Plaintiff reserves the right under <u>Rule</u> 1855(b) of the California <u>Rules of Court</u>, to amend or modify the class descriptions with greater specificity or to provide further division into subclasses or limitation to particular issues.

26. This action has been brought and may properly be maintained as a class action under the provisions of the California <u>Code of Civil Procedure</u> § 382 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

A. **<u>Numerosity</u>**

27. The potential members of each Class as defined are so numerous that joinder of all the members of the Class is impracticable. Plaintiff estimates there are at least several hundred Class Members, and possibly several thousand, which is sufficient to satisfy the numerosity requirement. While the precise

number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, sufficiently numerous employees in positions as Defendants' non-exempt production operations employees in California, who are or have been affected by Defendants' unlawful practices as alleged herein.

28.     Employee turnover during the relevant time period will increase this number substantially. Upon information and belief, Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Classes is not practicable.

**B.      Commonality**

29.     There are questions of law and fact common to each Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(a)     Whether Defendants violated Labor Code §§ 226.7 and 512, section 4 of the IWC Wage Orders, and Cal. Code Regs., Title 8, section 11010 *et seq.* by failing to provide a meal period to non-exempt production operations employees on days they worked work periods in excess of five (5) hours and failing to compensate said employees one (1) hour's wages in lieu of meal periods;

(b)     Whether Defendants violated Labor Code § 226.7 and the IWC Wage Orders, and Cal. Code Regs., Title 8, section 11010 *et seq.* by failing to authorize and permit all daily ten (10) minute rest periods to non-exempt production operations employees for every three and a half (3.5) hours and/or 7 hours or major fraction thereof worked and failing to compensate said employees one (1) hour's wages in lieu of rest periods;

(c)     Whether Defendants violated Labor Code § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class Members' earned wages and work periods;

(d)     Whether Defendants violated <u>Labor Code</u> § 1194 and Cal. <u>Code Regs.</u>, Title 8, section 11000, et seq. by failing to compensate all employees during the relevant time period for all hours worked, whether regular or overtime;

(e)     Whether Defendants failed to comply with written requests to inspect of copy records during the relevant time period pursuant to <u>Labor Code</u> §§ 226, 432 and 1198.5;

(f)     Whether Defendants violated <u>Labor Code</u> § 2802 by failing to compensate all employees during the relevant time period for all business expenses incurred in the discharge of their duties;

(g)     Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq.* by failing to provide meal and rest periods without compensating non-exempt production operations employees one (1) hour's pay for every day such periods were not provided, failing to pay compensation for denied meal and rest periods due and owing at the time a Class Member's employment with Defendants terminated, and failing to keep accurate records;

(h)     Whether Defendants violated § 17200 *et seq.* of the <u>Business and Professions Code</u>, <u>Labor Code</u> §§ 201-203, 226.7, 512, 1174, and applicable IWC Wage Orders, which constitutes a violation of fundamental public policy;

(i)     Whether Plaintiff and the Class Members are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq,;* and

(j)     Whether Plaintiff and the Class Members are entitled to penalties pursuant to <u>Labor Code</u> §§ 2698 and 2699, affectionately known as "PAGA penalties."

There are common answers to these questions which further demonstrate that class treatment in appropriate in this case.

**C.**     <u>**Typicality**</u>

30.     The claims of the named Plaintiff are typical of the claims of the Class Members. Plaintiff and all members of each Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

### D. Adequacy of Representation

31.    Plaintiff will fairly and adequately represent and protect the interests of the members of each Class.  Counsel who represent Plaintiff are competent and highly experienced in litigating large employment class actions.

### E. Superiority of Class Action

32.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to each Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices alleged in the Complaint.

33.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

34.    Class Plaintiff contemplates the eventual issuance of notice to the proposed Class Members of each Plaintiff Classes that would set forth the subject and nature of the instant action.  The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required additional media and/or mailings can be used.

## 5. DELAYED DISCOVERY

35.    Defendants, as a prospective and actual employer of non-exempt, hourly employees, had a special fiduciary duty to disclose to prospective Plaintiff Classes the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon non-exempt, hourly employees as well as the effect of any alleged arbitration agreements that may have been forced upon them.  In addition, Defendants knew that it possessed special knowledge about its pay practices and policies, most notably intentionally refusing to pay overtime and straight time hours actually worked and recorded on Defendants' punch records and the consequence of the alleged arbitration agreements on the employees and class as a whole.

36.    Plaintiff and Plaintiff Classes did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about

Plaintiffs and the Class' wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California and federal law as well as obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation were tolled until such time as Plaintiffs discovered their claims.

**FIRST CAUSE OF ACTION**

**<u>FOR FAILURE TO PAY WAGES UNDER THE FLSA</u>**

**[FLSA 29 USC §§ 203, 206, 207]**

**(Against All Defendants)**

37.     Plaintiff and the members of the Class (and subclasses) and the FLSA collective re-allege and incorporate by reference all of the allegations in the preceding paragraphs of this complaint as though fully set forth herein.

38.     At all relevant times hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

39.     Plaintiff is informed and believes, and thereon alleges, that Defendants have required the Plaintiff and FLSA collective employees as part of their employment to work off the clock and for less than minimum wage under 29 U.S.C. § 206(a)(1). That Section provides the following:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
>
> (1) except as otherwise provided in this section, not less than—
> (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
> (B) $6.55 an hour, beginning 12 months after that 60th day; and
> (C) $7.25 an hour, beginning 24 months after that 60th day;…

40.     Plaintiff is informed and believes, and thereon alleges, that Defendants required Plaintiff and requires the FLSA collective employees to work without overtime in excess of the forty (40) hours per week maximum under 29 U.S.C. § 207(a)(I). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

-17-

41.     In the performance of their duties for Defendants, members of the FLSA collective employees often did work off the clock and over forty (40) hours per week and did not receive minimum wages and overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207.

42.     The precise number of unpaid wages and unpaid overtime hours will be proven at trial.

43.     The FLSA also imposes a record-keeping requirement on employers, including the obligation to keep accurate records of all hours worked by employees. Defendants have knowingly and willfully failed and continue to willfully fail to record, report, and/or preserve accurate records of all hours worked by Plaintiff and FLSA collective employees. By failing to record, report, and/or preserve records of all hours worked by Plaintiff and the FLSA collective employees, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, et seq.

44.     Plaintiff proposes to undertake appropriate proceedings to have such FLSA Class Members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

45.     Defendants' violations of the FLSA were willful within the meaning of the statue and interpretive case law and decisions.

46.     Plaintiff seeks judgment against Defendants on her own behalf and on behalf of those FLSA collective employees similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum and overtime wages owed by Defendants, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b) and which may be brought in "any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

///
///
///
///

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME COMPENSATION**

**[CALIFORNIA LABOR CODE §§ 510, 1194 and 1198]**

**(Against All Defendants)**

47.   Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

48.   This claim is brought by Plaintiff, on behalf of herself and on behalf of the Class and the subclasses thereof.

49.   In California, employees must be paid at least the then applicable state minimum wage for all hours worked.  (IWC Wage Order MW-2014).

50.   California Labor Code § 1198 provides that "[T]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

51.   Employees in California shall not be employed more than eight hours in any work day, and/or more than forty hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law.  More specifically, Labor Code § 510 codifies the right to overtime compensation at one and one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

52.   California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."  The action may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

FIRST AMENDED CLASS ACTION COMPLAINT

53.     At all times relevant hereto, the <u>Labor Code</u> requirements and paragraph 3 of the applicable IWC Wage Orders also provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over 8 hours a day and/or forty (40) hours in a work week, and for the first eight (8) hours on the seventh consecutive day of work in a work week.

54.     At all times relevant hereto, <u>Labor Code</u> § 510 and paragraph 3 of the applicable IWC Wage Orders provided for payment of overtime wage equal to double the employee's regular rate of pay for all hours worked over twelve (12) hours in any workday, and for all hours worked over eight (8) hours on the seventh consecutive day of work in a work week.

55.     Defendants, and each of them, have intentionally and improperly avoided payment of overtime wages in violation of the California <u>Labor Code</u> and California <u>Code of Regulations</u> and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement, as described above.  Defendants have also violated these provisions by requiring Plaintiff and other similarly situated non-exempt production operations employees to work through meal periods when they were required to be clocked out. Defendants, and each of them, have also intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours, and imposed difficult to attain job and scheduling requirements on Plaintiff and the Class Members, which resulted in an underpayment of wages to employees over a period of time while benefiting Defendants.

56.     At all times relevant hereto, Plaintiff and the Class Members have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendants. During the relevant time period, Plaintiff and the Class Members were not fully paid for all the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day and/or in excess of forty (40) hours in a week as a result of Defendants' above described policies and practices.  In addition to the other overtime payments Defendant failed to make for all off the clock work, Defendants scheduled Plaintiff and the Class Members to generally work shifts of over twelve (12) hours in duration and often for as many as 7 to 10 consecutive days in a row.   However, Defendants followed a policy and practice of further denying overtime payments to Plaintiff and the Class Members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as

required under the Labor Code § 510 and paragraph 3 of the applicable IWC Wage Orders.

57. Therefore, Plaintiff and the Class Members were not properly paid for all hours worked, including for the hours worked in excess of the maximum hours permissible by law under California Labor Code § 1194, § 1197 and § 1198 and the provisions of IWC Wage Orders and the applicable California Code of Regulations sections.

58. On information and belief, Plaintiff and the Class Members allege that Defendants followed an unlawful policy and practice of refusing to pay and failing to pay them for all wages earned in each pay period, including by requiring and compelling off the clock work, by failing to pay for overtime hours worked, and for the other reasons set forth in detail above.

59. As a result of Defendants' failure to pay overtime pay throughout Plaintiff and the Class Members' employment, Defendants intentionally failed to provide Plaintiff and the Class Members with all earned wages earned by and owed to them during the corresponding pay periods. Defendants willfully violated the provisions of Labor Code § 1194, the applicable IWC Wage Orders, and California law by failing to properly pay Plaintiff and the Class the overtime pay that Plaintiff and the Class Members were due.

60. Defendants' failure to pay Plaintiff and the Class Members all wages owed to them also violated California Penal Code §§ 484 and 532 (obtaining labor through false pretenses), as their managers specifically instructed them that they were not entitled to receive overtime when Plaintiff and the Class were under the California Labor Code and related provisions.

61. Plaintiff and the Class Members are informed and believe, and based upon that information and belief therefore further allege, that Defendants knew or should have known that Plaintiff and the Class did not qualify as exempt employees, and Defendants purposely elected not to pay Plaintiff and the Class Members for their overtime labor performed.

62. By virtue of the Defendants' unlawful failure to provide overtime pay to Plaintiff and the Plaintiff Classes, Plaintiff and the Class Members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

63. Plaintiff and the Class Members are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, purposely elected not to provide overtime pay.

64. As a result of Defendants' failure to pay overtime pay throughout Plaintiff and the Class Members' employment, Plaintiff and the Class Members were deprived of wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, for Defendants' violations of Labor Code § 510 and applicable IWC Wage Order provisions.

65. Defendants, and each of them, acted intentionally, oppressively and maliciously toward Plaintiff and the Class Members with a conscious disregard of their rights, or the consequences to Plaintiff and the Class Members, with the intent of depriving them of property and legal rights and otherwise causing Plaintiff and the Class Members injury.

66. Plaintiff, individually, and on behalf of members of the Class and Plaintiff Classes, requests recovery of both straight time and overtime compensation according to proof, interest, attorney's fees and costs pursuant to Labor Code § 1194(a), as well as the assessment of any statutory penalties against these Defendants, and each of them, and any additional sums as provided by the Labor Code and/or other statutes.

67. Further, Plaintiff and the Class Members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 210 and 1194.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

**[CALIFORNIA LABOR CODE §§ 226.7 and 512, and Paragraph 11 of Applicable IWC Wage Orders]**

**(Against All Defendants)**

68. Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

69. This claim is brought by Plaintiff, on behalf of herself and on behalf of the Class Members and the subclasses thereof.

70. Labor Code §§ 226.7 and 512 and paragraph 11 of the applicable IWC Wage Order provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than thirty (30) minutes.

71.     Labor Code § 226.7 and paragraph 11 of the applicable IWC Wage Orders also provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

72.     Defendants failed to provide Plaintiff and the Class Members with meal periods, as employees were always scheduled to work alone, and thus, had no opportunity to take an uninterrupted meal period as required by the Labor Code.

73.     Defendants, and each of them, have intentionally and improperly denied meal periods to Plaintiff and the Class Members in violation of Labor Code §§ 226.7 and 512 and paragraph 11 of the applicable IWC Wage Orders, along with other applicable regulations and statutes.

74.     At all times relevant hereto, Plaintiff and the Class Members have worked more than five (5) hours in a workday.

75.     At all times relevant hereto, the Defendants, and each of them, failed to provide meal periods as required by Labor Code §§ 226.7 and 512 and paragraph 11 of the applicable IWC Wage Orders.

76.     By virtue of the Defendants' unlawful failure to provide meal periods to Plaintiff and the Plaintiff Classes, Plaintiff and the Class Members have suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

77.     Plaintiff and the Class Members are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, purposely elected not to provide meal periods.

78.     Defendants, and each of them, acted intentionally, oppressively and maliciously toward Plaintiff and the Class Members with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing Plaintiff and the Class Members to suffer injury.

79.     Plaintiff, individually, and on behalf of the Class, requests recovery of meal period compensation pursuant to Labor Code §§ 226.7 and paragraph 11 of the applicable IWC Wage Orders, as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the Labor Code and other statutes.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**[CALIFORNIA LABOR CODE §§ 226.7 and 512, and Paragraph 11 of Applicable IWC Wage Orders]**

**(Against All Defendants)**

80.     Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference the paragraphs previously alleged in this Complaint.

81.     Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per three and a half (3.5) work hours.

82.     Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

83.     Defendants, and each of them, have intentionally and improperly denied rest periods to Plaintiff and the Class Members in violation of Labor Code §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.  Defendants failed to authorize and permit Plaintiff and the Class Members to take rest periods, as required by the Labor Code.

84.     At all times relevant hereto, Plaintiff and the Class Members, have worked more than three and a half hours in a workday.

85.     At all times relevant hereto, the Defendants, and each of them, failed to provide rest periods as required by Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders.

86.     By virtue of the Defendants' unlawful failure to provide rest periods to the Plaintiff and the Class Members, Plaintiff and the Class Members have suffered, and will continue to suffer, damages in amounts which are presently unknown to the Plaintiff and the Class Members but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

87.     Plaintiff and the Class Members are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, knew or should have known that Plaintiff and the Class

Members were entitled to rest periods and purposely elected not to provide them with rest periods.

88. Defendants, and each of them, acted intentionally, oppressively and maliciously toward Plaintiff and the Class Members with a conscious disregard of their rights, or the consequences to Plaintiff and the Plaintiff Classes, with the intent of depriving Plaintiff and the Class of property and legal rights and otherwise causing the Plaintiff and the Class Members injury.

89. Plaintiff, individually, and on behalf of employees similarly situated, requests recovery of rest period compensation pursuant to Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders, as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

## FIFTH CAUSE OF ACTION

## FAILURE TO FURNISH ACCURATE ITEMIZED STATEMENTS

### [CALIFORNIA LABOR CODE § 226]

### (Against All Defendants)

90. Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

91. Throughout the liability period, Defendants intentionally failed to furnish to Plaintiff and the Class Members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226, amongst other statutory requirements.

92. As a result of Defendants' conduct, Plaintiff and the Class Members have suffered injury in that, among other things, the lack of the required information hindered them from determining the amount of wages owed to them and led them to believe they were not entitled to be paid wages all hours worked, for overtime, missed meal and rest breaks, or for each hour of labor they performed, for piece rates where

applicable, and the properly hourly rate where applicable, although they were so entitled. The absence of accurate wage statements has prevented timely challenges to Defendants' unlawful pay practices, caused difficulty and expense in attempting to reconstruct time and pay records, and resulted in the submission by Defendants of inaccurate information about wages and deductions from wages to state and federal government agencies. The entitlement of Plaintiff and the Class Members is to receive wage statements that accurately list the total amount of wages earned and deductions from wages as reflected on wage statements, and Plaintiff and the Class Members have thereby been injured by the Defendants' failure to report the total amount of wages earned during each pay period on each paycheck stub. All Class Members have been similarly injured. As a result of Defendants' conduct, Plaintiff and the Class Members have suffered injury because their legal right to receive accurate wage statements was violated.

93. Labor Code§ 226(a) requires Defendants "semimonthly or at the time each payment to wages" to furnish to Plaintiff and the Class Members "an accurate itemized statement in writing" showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate for Class Members paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226. Defendants knowingly and intentionally failed to provide Plaintiff and the Class Members with such timely and accurate wage and hour statements.

94. Plaintiff and the Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law and are presumed to have suffered injury and entitled to penalties under Labor Code § 226(e), as the Defendants have failed to provide a wage statement, failed to provide accurate and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and the Plaintiff and Class Members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee

during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number. For purposes of Labor Code § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

95. Plaintiff and the Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law.

96. Plaintiff and the Class Members are entitled to the amounts provided in Labor Code § 226(e), plus costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES FOR HOURS WORKED**

**[CALIFORNIA LABOR CODE §§ 1194, 558]**

**(Against All Defendants)**

97. Plaintiff and the Members of the Class re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

98. Plaintiff alleges that Defendants policy of failing to pay employees for all hours worked whether regular time or overtime violates the Labor Code and IWC Wage Orders.

99. California Labor Code § 1198 provides that "[T]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

100. Employees in California shall not be employed more than eight hours in any work day, and/or more than forty hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law. More specifically, Labor Code § 510 codifies the right to overtime compensation at one and one-half times the regular hourly rate for hours worked in excess of eight

(8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

101.    California <u>Labor Code</u> § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."  The action may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

102.    At all times relevant hereto, the <u>Labor Code</u> requirements and paragraph 3 of the applicable IWC Wage Orders also provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over 8 hours a day and/or forty (40) hours in a work week, and for the first eight (8) hours on the seventh consecutive day of work in a work week.

103.    At all times relevant hereto, <u>Labor Code</u> § 510 and paragraph 3 of the applicable IWC Wage Orders provided for payment of overtime wage equal to double the employee's regular rate of pay for all hours worked over twelve (12) hours in any workday, and for all hours worked over eight (8) hours on the seventh consecutive day of work in a work week.

104.    Defendants, and each of them, have intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours, including Plaintiff's, to avoid payment of overtime wages and other benefits in violation of the California <u>Labor Code</u> and California <u>Code of Regulations</u> and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement. Defendants have also violated these provisions by requiring Plaintiff and other similarly situated non-exempt production operations employees to work through meal periods when they were required to be clocked out or to otherwise work off the clock before or after their work shifts to complete their daily job duties or to attend and participate in company required activities.

105.    Defendants, and each of them, have also intentionally and improperly rounded, changed, adjusted, underpaid, and/or modified certain employees' hours, including by requiring pre and post-shift off the clock work, requiring work to be performed while on breaks, and by not properly paying production

operations employees all overtime hours they worked and reported, and imposed difficult to attain job and scheduling requirements on Plaintiff and the Class Members. This resulted in an underpayment of wages to employees over a period of time while benefiting Defendants.

106. During the relevant time period, Plaintiff and the Class Members were not fully paid for all the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day and/or in excess of forty (40) hours in a week as a result of Defendants' above described policies and practices. Therefore, Plaintiff and the Class Members were not properly paid for all of their overtime work. Defendants also followed a policy and practice of further denying overtime payments to Plaintiff and the Class Members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the Labor Code § 510 and paragraph 3 of the applicable IWC Wage Orders.

107. During the relevant time period, Defendants willfully failed to pay all regular and overtime wages owed to Plaintiff and the Class Members.

108. Defendants' failure to pay Plaintiff and the Class Members the unpaid balance of regular wages owed and overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

109. Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

110. Defendants have violated provisions of the Labor Code regulating hours, pay as well as the IWC Wage Orders. As a result, Plaintiff and the Class seek the remedies set forth in Labor Code § 558.

FIRST AMENDED CLASS ACTION COMPLAINT

111.     Upon information and belief, Plaintiff alleges that Defendants' policy of failing to pay employees for all hours worked whether regular time or overtime violates the Labor Code and IWC Wage Orders.  Pursuant to Labor Code § 1194, Plaintiff and the Class Members are entitled to recover their unpaid wages owed, including their regular wages and overtime compensation, as well as interest, costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY WAGES TWICE IN EACH CALENDAR MONTH

### [CALIFORNIA LABOR CODE § 204]

### (Against All Defendants)

112.     Plaintiff and the Members of the Class (and Plaintiff Classes) re-allege and incorporate by reference the paragraphs previously alleged in this Complaint

113.     Labor Code § 204 requires that all wages are due and payable twice in each calendar month.

114.     The wages required by the Labor Code § 1194 and other sections became due and payable to each employee in each pay period that he or she was not provided with a meal period or rest period or paid straight or overtime wages to which he or she was entitled.

115.     Defendants violated Labor Code § 204 by systematically refusing to pay wages due under the Labor Code.

116.     As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent has been deprived of wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 210, 218.5 and 1194.

## EIGHTH CAUSE OF ACTION

## FAILURE TO COMPLY WITH WRITTEN REQUEST TO INSPECT OR COPY RECORDS

### [CALIFORNIA LABOR CODE §§ 226, 432 and 1198.5]

### (Against All Defendants)

117.     Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference the paragraphs previously alleged in this Complaint.

FIRST AMENDED CLASS ACTION COMPLAINT

118.     Labor Code § 226(b) requires Defendants to permit current and former employees to inspect or copy payroll records pertaining to that current or former employee.  An employer who receives a written or oral request from a current or former employee to inspect or copy his or her payroll records shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request. A failure by an employer to permit a current or former employee to inspect or copy his or her payroll records within the aforementioned 21 calendar day period entitles the current or former employee to recover a penalty from the employer in a civil action before a court of competent jurisdiction, under Labor Code § 226, subdivisions (c) and (f).

119.     Defendants are required to keep accurate payroll records on each employee, and such records must be made readily available for inspection by the employee upon reasonable request.  Plaintiff requested complete timecards, timekeeping records, and payroll information including all itemized earning statements showing, but not limited to, the hours worked and the applicable rate of pay for each pay period, and earning statements for each period.  (See IWC Orders 1 through 15, Section 7, and IWC Order 16, Section 6.)  Section 7 of the applicable IWC Wage Orders states as follows:

7. Records
(A) Every employer shall keep accurate information with respect to each employee including the following:
(1) Full name, home address, occupation and social security number.
(2) Birth date, if under 18 years, and designation as a minor.
(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.
(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.
(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.
(6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.
(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee maybe aggregated and shown as one item.

(C) All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day, and year and shall be kept on file by the employer for at least three (3) years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request.

120.  <u>Labor Code</u> § 432 requires employers, like Defendants, to give an employee or job applicant, upon request, a copy of any documents that the employee or applicant has signed relating to the obtaining or holding of employment.

121.  <u>Labor Code</u> § 1198.5 requires that employers, like Defendants, allow employees and former employees access to their personnel files and records that relate to the employee's performance or to any grievance concerning the employee.   Inspections must be allowed at reasonable times and intervals. To facilitate the inspection, employers must do one of the following: (1) keep a copy of each employee's personnel records at the place where the employee reports to work, (2) make the personnel records available at the place where the employee reports to work within a reasonable amount of time following the employee's request, or (3) permit the employee to inspect the records at the location where they are stored with no loss of compensation to the employee.

122.  Before Plaintiff and the Plaintiff Classes filed this action, Plaintiff wrote a pre-litigation demand letter to Defendants in which she requested Defendants produce: Plaintiff's pay check stubs or other wage statements; any documents signed by Plaintiff relating to her employment; and Plaintiff's personnel file. Defendants have failed to produce and explicitly refuse to produce these documents within thirty (30) days of Plaintiff's written request.

123.  Under <u>Labor Code</u> § 226, subsections (e) and (f), and based on Defendants' conduct as alleged herein, Plaintiff and the Plaintiff Classes are entitled to (a) fifty dollars ($50) for the initial pay period in which a wage and hour statement violation occurred, and one hundred dollars ($100) per employee for each violation in subsequent pay periods, not exceeding an aggregate penalty of four thousand ($4,000); (b) an additional seven hundred and fifty dollar ($750) penalty for Defendants' failure to allow Plaintiff to timely inspect and copy pertinent records; and (c) injunctive relief to ensure Defendants' compliance with <u>Labor Code</u> § 226; and (d) an award of costs and reasonable attorney's fees.

FIRST AMENDED CLASS ACTION COMPLAINT

124.    Defendants' conduct also entitles Plaintiff and the Plaintiff Classes to seek preliminary and permanent injunctive relief, including but not limited to an order that Defendants comply with a lawful request to provide personnel records, copies of signed documents and that Defendants issue wage and hour statements to Plaintiff and the Plaintiff Classes that comply with <u>Labor Code</u> § 226.

**NINTH CAUSE OF ACTION**

**<u>FAILURE TO REIMBURSE BUSINESS EXPENSES</u>**

**[<small>CALIFORNIA</small> <u><small>LABOR CODE</small></u> §§ 2800-2802]**

**(Against all Defendants)**

125.    Plaintiff and members of the Class (and subclasses) re-allege and incorporate by reference the paragraphs above, with the same force and effect as if set forth herein in full.

126.    Plaintiff and the Class are informed and believe and based thereon allege that throughout the period applicable, Defendants were required to pay for lawful and necessary work related expenses such as, but not limited to fire resistant clothing as required to perform the job, that could not reasonably be worn elsewhere and was specific to the job.  Plaintiff and the Class Members were also often required to drive great distances in a work shift to visit assigned work sites and facilities.   Defendant required non-exempt production operations employees to use their own automobiles for these work purposes, all without any reimbursement for the miles they drove or for the maintenance on their vehicles.   Plaintiff and the Class Members were not reimbursed for those lawful and necessary work related expenses or losses incurred in direct discharge of their job duties during employment with Defendants and at the direction of the Defendants pursuant to <u>Labor Code</u> § 2802(a) and the applicable IWC Wage Orders and sections of the California <u>Code of Regulations</u>.

127.    Defendants' knowing and willful failure to reimburse lawful necessary work related expenses and losses to Plaintiff and the Class Members resulted in damages because, among other things, Defendants did not inform employees of their right to be reimbursed for those work related expenses. As Defendants failed to inform and misled Plaintiff and the Class Members with regard to their rights, Plaintiff and the Class Members were led to believe that incurring those lawful and necessary expenses and losses was an expected and essential function of their employment with

Defendant and that failure to incur those expenses would have adverse consequences on their employment status.

128.    Therefore, Plaintiff and the Class Members are entitled to reimbursement for any and all necessary work related expenses, as provided for in <u>Labor Code</u> § 2802(b), incurred during the direct discharge of their duties while employed by Defendant as well as accrued interest on those expenses that were not reimbursed from the date Plaintiff and the Class Members incurred those expenses. Further, Plaintiff and the Class Members are entitled to costs and attorney's fees pursuant to <u>Labor Code</u> § 2802(c).

**TENTH CAUSE OF ACTION**

**<u>FOR FAILURE TO PAY WAGES UPON TERMINATION OF EMPLOYMENT</u>**

**[CALIFORNIA <u>LABOR CODE</u> §§ 201-203]**

**(Against All Defendants)**

129.    Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

130.    Plaintiff and many of the Class Members quit or were discharged from their employment with Defendants within the applicable statute of limitations.

131.    However, Defendants failed to pay them without abatement, all wages as defined by applicable California law. Among other things, these employees were not paid any of the overtime compensation or premium pay referred to in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of <u>Labor Code</u> § 203.

132.    Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty (30) days' wages for each employee. Because none of the employees were ever paid all earned overtime wages to which they were entitled, and as referred to in this Complaint, each of these employees is entitled to thirty (30) days of wages.

///

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT

**ELEVENTH CAUSE OF ACTION**

**FOR UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES**

[CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.*]

**(Against All Defendants)**

133.     Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

134.     This claim is brought by Plaintiff, on behalf of herself and on behalf of the Class and the subclasses thereof.

135.     At all times relevant hereto, from time to time, the Class Members have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendants. The representative Plaintiff herein and members of the Class have had their hours adjusted, changed, underpaid, and/or modified to not reflect their actual number of hours worked per day and per pay period, including by Defendants' failure to pay for all overtime hours worked at the appropriate rate of pay and by requiring off the clock work before and after work shifts.

136.     At all times relevant hereto, from time to time, Plaintiff and aggrieved employees have worked more than twelve (12) hours in a workday, and/or more than eight (8) hours on the seventh (7th) consecutive workday in a workweek, as employees of Defendants. The representative Plaintiff herein and members of the Class have not been paid overtime, or have not been paid overtime at the appropriate rates, for all hours worked on and after a seventh consecutive work shift.

137.     At all times relevant hereto, from time to time, Plaintiff and the Class Members have been denied meal breaks by Defendants.

138.     At all times relevant hereto, from time to time, Plaintiff and the Class Members have been denied rest breaks by Defendants.

139.     Defendants, and each of them, are "persons" as defined under of Business & Professions Code § 17021.

140.     Since at least four years to the present time and at all times relevant hereto, by and through the conduct described herein, the Defendants have engaged in unfair, unlawful and fraudulent business practices, in violation of California Business & Professions Code §§ 17200, *et seq*., and have thereby

deprived Plaintiff, and all persons in interest, of fundamental rights and privileges guaranteed to all employees under California law.

141. Defendants own, operate and manage facilities in California which provide services in California to the public as defined in of <u>Business & Professions Code</u> §§ 17022 and 17024.

142. Defendants, as set forth in this Complaint, *supra*, engaged in false, unfair and misleading business practices, consisting of acts and omissions that include, but are not limited to:

    (a) The fact that Defendants required non-exempt, hourly employees to work more than three and a half (3.5) hour shifts without a ten (10) minute rest period;

    (b) The fact that Defendants required non-exempt, hourly employees to work more than five (5) hour shifts without a thirty (30) minute meal period;

    (c) The fact that Defendants adjusted, altered, underpaid and/or changed time and/or pay schedules to reflect that employee Class Members had not worked all straight time and overtime hours;

    (d) The fact that Defendants required non-exempt, hourly employees to work more than five (5) hours per week without a thirty (30) minutes rest period, and then adjusted, altered and/or changed schedules and/or time clocks to reflect that they had received a thirty (30) minute meal period;

    (e) The fact that Defendants kept no detailed records of non-exempt, hourly employees' actual daily work activities, in part, to prevent Plaintiff and Plaintiff Classes from recovering overtime wages from Defendants after the discovery of Defendants' deceptive, fraudulent, false, unfair and unlawful conduct;

    (f) The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class for all hours worked.

    (g) The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class twice monthly for all hours worked.

    (h) The fact that Defendants failed to pay Plaintiff and Plaintiff Classes all business expenses incurred in the discharge of their duties;

    (i) The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff

Class upon termination of employment.

    (j)    The fact that Defendants failed to pay all earned wages to Plaintiff and the Plaintiff Class twice monthly.

    (k)    The fact that Defendants failed to provide Plaintiff and Plaintiff Class personnel records, signed documents and pay records when requested.

    (l)    The fact that Defendants' activities related to their failure to disclose material and relevant information constitutes violations of Business & Professions Code § 17200.

143.    Defendants, and each of them, have underreported to state authorities, wages earned by non-exempt, hourly employees and, therefore, have underpaid state taxes, employer matching funds, unemployment premiums and Worker's Compensation premiums. The aforesaid conduct is criminal in nature and subjects the Defendants, and each of them, to sanctions, fines and imprisonment, and is actionable under of Business & Professions Code §§ 17000, *et seq.* and 17200, *et seq.*

144.    Pursuant to of Business & Professions Code §§ 17071 and 17075, the failure of Defendants, and each of them, to pay overtime wages, related benefits, and employment taxes, is admissible as evidence of Defendants' intent to violate Chapter 4 of the Unfair Business Trade Act.

145.    Defendants' practices are unlawful, unfair, deceptive, untrue, and misleading. Non-exempt, hourly employees, including Plaintiff and Plaintiff Classes are likely to be deceived by these practices.

146.    As a direct and proximate result of these acts and omissions, Plaintiff, is informed and believes, and based upon that information and belief alleges, that the Defendants, and each of them, were able to unfairly compete with other manufacturing facilities in the state of California by not paying overtime and wages in violation of Business & Professions Code Chapters 4 and 5, *et al*. Due to this unfair business practice, Defendants have been able to charge lower prices for its goods and services than the prices charged by other comparable jewelers doing business in the state of California.

147.    The victims of this unfair business practice include, but are not limited to, all non-exempt, hourly employees of Defendants, competitors of Defendants in the state of California, and the general public.

148.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants, and each of them, performed the above-mentioned acts with the intent of gaining an unfair

-37-

competitive advantage and thereby injuring Plaintiff, other employees, other competitors, and the general public.

149.    By and through the conduct described above, Plaintiff, and all non-exempt, hourly employees, has been deprived of the right to be paid all wages earned, including meal and rest premiums and overtime compensation earned by virtue of employment with the Defendants at regular intervals, in accordance with the requirements of <u>Labor Code</u> §§ 201, 202, 203, 204, 218, 218.6, 226, 226.7, 432, 510, 512, 558, 1194, 1197, 1198, 1198.5, 1199, 2800, 2802, 2698, 2699, 2699.3, 2699.5, and California <u>Code of Regulations</u>, Title 8, sections 11000, 11010, *et seq.*,

150.    By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants, has obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and has deprived Plaintiff, and all non-exempt, hourly employees of valuable rights and benefits guaranteed by law, all to their detriment.

151.    Plaintiff and the Class have injury-in-fact as a result of Defendants' conduct.  Moreover, Plaintiff and the Class have lost money as a direct result of Defendants' unfair, unlawful, deceptive and fraudulent conduct.

152.    All of the acts described herein as violations of, among other things, the California <u>Labor Code</u> and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California <u>Business & Professions Code</u> §§ 17200, *et seq.*

153.    Plaintiff, individually, and on behalf of members of the Plaintiff Classes, is entitled to, and does seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiff has been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff, and the members of the Plaintiff Classes, is not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

154.    Plaintiff, individually, and on behalf of members of the Plaintiff Classes, is further entitled to and does seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the

FIRST AMENDED CLASS ACTION COMPLAINT

above-described unfair, unlawful and/or fraudulent business practices in the future.

155.    Plaintiff, individually, and on behalf of members of the Plaintiff Classes, has no plain, speedy, and/or adequate remedy at law to redress the injuries which he has suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff and the Plaintiff Class have suffered and will continue to suffer irreparable harm unless the Defendants' and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

156.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to fail to pay overtime wages to non-exempt, hourly employees.  In addition, Defendants, and each of them, will continue to avoid paying the appropriate taxes, insurance and unemployment holdings.

157.    Plaintiff, individually, and on behalf of members of the Plaintiff Classes, requests that the Court issue a preliminary and permanent injunction prohibiting the Defendants, and each of them, from requiring non-exempt, hourly employees from working more than eight (8) hours a work day and/or forty (40) hours a week in any work week without payment of overtime wages.

158.    Plaintiff, individually, and on behalf of members of the Plaintiff Classes, also requests that the Court order Defendants to disgorge all illegally obtained monies from failing to pay taxes, state disability insurance premiums, and unemployment taxes, obtained by way of their violation of Business & Professions Code §§ 17200, *et seq*.

159.    As Plaintiff seeks to enforce an important right affecting the public interest, to wit, the lawful payment of overtime wages as required by law the disgorgement of ill-gotten gains and the restitution of unlawfully withheld wages, with interest thereon, Plaintiff requests an award of attorneys' fees, pursuant to Code Civil Procedure § 1021.5.

///
///
///
///
///

**TWELFTH CAUSE OF ACTION**

**VIOLATION OF PRIVATE ATTORNEY GENERALS ACT**

**[CALIFORNIA LABOR CODE §§ 2698 and 2699]**

**(Against All Defendants)**

160.    Plaintiff and the Plaintiff Classes (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

161.    As a result of the previously alleged policies and practices and Defendants' resulting violations of the sections of the California Labor Code addressed above, Plaintiff seeks penalties under Labor Code §§ 2698 and 2699 on behalf of herself and all other similarly aggrieved employees.

162.    Plaintiff has met all of the requirements set forth in Labor Code §§ 2699.3 necessary to commence a civil action against Defendants for violations of Labor Code §§ 201, 202, 203, 204, 226, 226.3, 226.7, 510, 512, 1174, 1194, 1197, and 1199, predicated on violations of paragraphs 3, 4, 5, 7, 11, 12 of the applicable IWC Wage Orders and the Labor Code violations alleged throughout the operative complaint.

163.    Plaintiff is also entitled to recover unpaid wages for violations that occurred during the statutory period, which are payable directly to Plaintiff and other current and former employees who suffered one or more violations alleged herein.

164.    Labor Code § 558 provides that any employer *or other person acting on behalf of an employer* who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission may be liable for civil penalties and resulting unpaid wages. Plaintiff alleges that the Defendants are responsible for the nonpayment of wages, as well as the related Labor Code violations complained of herein for instituting and enforcing unlawful policies and procedures and for failing to remediate the unlawful conditions, in spite of complaints to Defendants' management.

165.    Plaintiff, for herself and on behalf of all other similarly aggrieved current and former employees of Defendants, seeks civil penalties in the amount of:

(a)    one hundred dollars ($100.00) for each of the first violation per employee, per pay period;

(b)     two hundred dollars ($200.00) for each subsequent violation of each such provision, per employee, per pay period;

(c)     For their failure to provide uninterrupted off-duty meal and rest periods, Defendants are liable to all Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that the full and uninterrupted, off-duty rest and meal periods were not provided. Defendants are also liable for civil penalties pursuant to <u>Labor Code</u> §§ 558 and 2699 as follows: for any initial violation, $50.00 for each Plaintiff for each pay period during which the Plaintiffs were not provided proper meal and rest breaks; and for each subsequent violation $100.00 for each Plaintiff for each pay period during which the Plaintiffs were not provided proper meal and rest breaks.

(d)     For Defendants' failure to pay wages due, Plaintiffs are entitled to recover such amounts, plus interest thereon, attorney's fees and costs. Defendants are also liable for civil penalties pursuant to <u>Labor Code</u> §§ 558 and 2699 as follows: for any initial violation, $50.00 for each Plaintiff for each pay period during which the Plaintiff was not paid all earned wages; and for each subsequent violation, $100.00 for each Plaintiff for each pay period during which the Plaintiff was not paid all wages.

(e)     For Defendants' failure to furnish accurate wage statements, Plaintiffs are entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00. Defendants are additionally liable for civil penalties pursuant to <u>Labor Code</u> §§ 226.3 and 2699 in the amount of $250.00 for each Plaintiff per initial violation and $1,000.00 for each Plaintiff per subsequent violation.

(f)     For Defendants' failure to keep accurate payroll records, Defendants are liable for civil penalties pursuant to California <u>Labor Code</u> §§ 1174.5 and 2699 in the amount of $500.00 per violation.

166.    These penalties will be allocated 75% to the Labor Workforce Development Agency ("LWDA") and 25% to the affected employees.

167.    WHEREFORE, Plaintiff and each Plaintiff Classes he seeks to represent request relief as described herein and below and as deemed just.

# PRAYER

WHEREFORE, the PLAINTIFF DEMANDS and JURY TRIAL and prays for judgment as follows:

**ON THE FIRST CAUSE OF ACTION**:

   (a)   For Facilitated Notice under 29 USC § 216(b);

   (b)   For compensation pursuant to the FLSA, 29 U.S.C. §§ 201, 206, 207, *et seq.*

   (c)   Conditional and Final Certification of a Collective Action;

   (d)   For interest on any compensatory damages; and

   (e)   For attorneys' fees, interest, and costs of suit pursuant to 29 U.S.C. § 216(b).

**ON THE SECOND CAUSE OF ACTION:**

   (a)   For compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

   (b)   For interest on any compensatory damages;

   (c)   For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

   (d)   For attorneys' fees and costs as allowed by law.

**ON THE THIRD CAUSE OF ACTION:**

   (a)   For statutory compensation, including one hour of pay for each workday that a lawful meal period was not provided;

   (b)   For interest on any compensatory damages;

   (c)   For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify;

   (d)   For attorneys' fees and costs.

**ON THE FOURTH CAUSE OF ACTION:**

   (a)   For statutory compensation, including one hour of pay for each workday that a lawful rest period was not provided;

   (b)   For interest on any compensatory damages;

1     (c)    For Certification of the Classes defined herein, or such other Classes and/or

2    subclasses as the Court will certify; and

3     (d)    For attorneys' fees and costs.

4  **ON THE FIFTH CAUSE OF ACTION:**

5     (a)    For statutory penalties;

6     (b)    For compensatory damages and interest thereon for actual harm caused;

7     (c)    For Certification of the Classes defined herein, or such other Classes and/or

8    subclasses as the Court will certify; and

9     (d)    For attorneys' fees and costs as allowed by law.

10  **ON THE SIXTH CAUSE OF ACTION:**

11     (a)    For compensatory damages and/or statutory damages and statutory penalties

12    resulting from improper compensation according to proof;

13     (b)    For interest on any compensatory damages;

14     (c)    For Certification of the Classes defined herein, or such other Classes and/or

15    subclasses as the Court will certify; and

16     (d)    For attorneys' fees and costs as allowed by law.

17  **ON THE SEVENTH CAUSE OF ACTION:**

18     (a)    For statutory penalties;

19     (b)    For attorneys' fees and costs as allowed by law.

20  **ON THE EIGHTH CAUSE OF ACTION:**

21     (a)    For statutory penalties;

22     (b)    For the equitable, injunctive and declaratory relief requested;

23     (c)    For Certification of the Classes defined herein, or such other Classes and/or

24    subclasses as the Court will certify; and

25     (d)    For attorneys' fees and costs as allowed by law.

26  **ON THE NINTH CAUSE OF ACTION:**

27     (a)    For actual expenses incurred as allowed by Labor Code § 2802

28     (b)    For special damages;

-43-

(c)     For certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

(d)     For attorneys' fees and costs.

**ON THE TENTH CAUSE OF ACTION:**

(a)     For statutory penalties, including 30 days of pay for each employee not timely paid wages upon termination;

(b)     For penalty enhancements for willful conduct;

(c)     For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

(d)     For attorneys' fees and costs.

**ON THE ELEVENTH CAUSE OF ACTION:**

(a)     For the equitable, injunctive and declaratory relief;

(b)     Treble damages;

(c)     For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

(d)     For disgorgement of profits.

**ON THE TWELFTH CAUSE OF ACTION:**

(a)     That DEFENDANTS be ordered to pay civil penalties pursuant to violations of Labor Code §§ 2698 and 2699, in the amount of $100 for the first violation per employee per pay period, and $200 for subsequent violations per employee per pay period to be allocated 75% to the LWDA and 25% to the affected employees; and

(b)     For reasonable attorney's fees and costs as allowed by statute.

**ON ALL CAUSES OF ACTION:**

(a)     For reasonable attorneys' fees;

(b)     For costs of suit; and,

(c)     For such other and further relief as this Court may deem just and proper.

FIRST AMENDED CLASS ACTION COMPLAINT

Dated: November 16, 2016

QUINTILONE & ASSOCIATES

By: _____
RICHARD E. QUINTILONE II,
ALVIN B. LINDSAY
Attorney for Plaintiff JENNIFER ANDERSON,
on behalf of herself and on behalf of a Class of all
other persons similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of the claims by jury to the extent authorized by law.

Dated: November 16, 2016

QUINTILONE & ASSOCIATES

By: _____
RICHARD E. QUINTILONE II,
ALVIN B. LINDSAY
Attorney for Plaintiff JENNIFER ANDERSON,
on behalf of herself and on behalf of a Class of all
other persons similarly situated