1  RICHARD E. QUINTILONE II (SBN 200995)
   ALVIN B. LINDSAY (SBN 220236)
2  GEORGE A. ALOUPAS (SBN 313112)
   **QUINTILONE & ASSOCIATES**
3  22974 E<small>L</small> T<small>ORO</small> R<small>OAD</small>, S<small>UITE</small> 100
   L<small>AKE</small> F<small>OREST</small>, CA 92630
4  T<small>ELEPHONE</small>:   (949) 458-9675
5  F<small>ACSIMILE</small>:   (949) 458-9679
   E-M<small>AIL</small>: REQ@QUINTLAW.COM; ABL@QUINTLAW.COM; GAA@QUINTLAW.COM

6  Attorneys for Plaintiff, JENNIFER ANDERSON on behalf of herself and on behalf of a Class of all other persons similarly situated

7  ROBERT D. EASSA, State Bar No. 107970
8  robert.eassa@sedgwicklaw.com
   DELIA A. ISVORANU, State Bar No. 226750
9  delia.isvoranu@sedgwicklaw.com
   **SEDGWICK LLP**
10 333 Bush Street, 30th Floor
   San Francisco, CA 94104-2834
11 Telephone: 415.781.7900
   Facsimile: 415.781.2635
12
   Attorneys for Defendant, CHEVRON U.S.A. INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| JENNIFER ANDERSON, on behalf of herself and on behalf of a Class of all other persons similarly situated<br><br>   Plaintiff,<br><br>   vs.<br><br>CHEVRON U.S.A., INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>   Defendants. | Case No.: 3:17-cv-00103-EMC<br><br>**CLASS ACTION**<br><br>**Assigned For All Purposes To:**<br>Hon. Edward M. Chen<br><br>**JOINT STIPULATION AND AGREEMENT FOR TOLLING OF FLSA CLAIMS;**<br><br>**[PROPOSED] ORDER**<br><br><br>Complaint Filed: September 7, 2016<br>First Amended Complaint: November 16, 2016<br>Removed: January 9, 2017 |

# RECITALS

Plaintiff, Jennifer Anderson ("Plaintiff"), on behalf of herself and other similarly situated employees of Defendant Chevron USA Inc. ("Defendant") (collectively, "the Parties"), by and through their respective counsel of record, hereby stipulate to and jointly request that the Court enter the concurrently provided [Proposed] Order approving the Parties' Joint Stipulation and Agreement to toll the period for collective members to submit Fair Labor Standards Act ("FLSA") claims to opt in to the collective. This Stipulation is based on the following:

1. Plaintiff filed her Class Action Complaint on **September 7, 2016** in Contra Costa County Superior Court (Case No. MSC16-01724). On **November 16, 2016**, Plaintiff filed her First Amended Class Action Complaint ("FAC"), which is the operative pleading, asserting the following causes of action against Defendant: (1) Failure to pay wages under the FLSA [29 U.S.C. §§ 206, 207]; (2) Failure to pay overtime compensation; (3) Failure to provide meal periods; (4) Failure to provide rest periods; (5) Failure to provide accurate itemized wage statements; (6) Failure to pay wages for hours worked; (7) Failure to pay wages due and payable twice monthly; (8) Failure to comply with written request to inspect or copy records; (9) Failure to reimburse business expenses; (10) Failure to pay wages upon termination of employment; (11) Unlawful competition and unlawful business practices; and (12) Violations of the Private Attorneys' General Act ("PAGA"). (See Dkt. #1, Exhibit A for FAC).

2. Defendant removed this action on **January 9, 2017** (Dkt. No. 1), asserting this Court has subject matter jurisdiction arising under a federal question pursuant to 28 U.S.C. §1331, specifically in light of Plaintiff's First Cause of Action for Failure to Pay Wages pursuant to the FLSA, 29 U.S.C. §§ 206, and 207. Plaintiff has not yet challenged this jurisdiction or sought remand.

3. On **May 5, 2017**, the Court conducted its initial Case Management Conference with the Parties and, in advance of the Conference, counsel conducted meet and confer discussions and exchanged correspondence, including regarding the possibility of early amicable resolution of Plaintiff's class and collective claim through private mediation.

4. Based upon the **May 5, 2017** Court's Case Management Conference, the Court set a further conference and mediation completion deadline for **September 14, 2017**.

5. The Parties expect to have an agreed-upon mediator designated and a mediation date set promptly, and will continue with informal and formal discovery leading to the mediation, but prefer to focus their efforts on attempting to arrive at an early amicable resolution before contested motion practice, including regarding Plaintiff's pressing Motion for Conditional Certification necessary to send opt-in notices to the FLSA collective.

6. Plaintiff has alleged that the class and collective which Plaintiff purports to represent in this action consist of current and former employees of Defendant who were not paid all wages owed, including regular wages and all overtime wages required for hours worked over 40 in a work week.

7. Plaintiff will have to expeditiously move for conditional certification of the FLSA claims given the fact that the statute of limitation on the FLSA claims continues to run during the motion and notice procedures and until a collective member files an opt-in with the Court.

8. Given that the Parties are attempting to work towards an amicable resolution and the Court has set a **September 14, 2017** mediation completion deadline, they agree to toll the statute of limitation for the collective's individual FLSA claims, and the time for them to opt-in to become collective members, from **May 5, 2017** to **September 14, 2017**. To that end, the Parties stipulate as follows:

## **STIPULATION**

NOW, THEREFORE, Plaintiff and Defendant stipulate and request that the Court enter the concurrently provided [Proposed] Order granting their FLSA tolling agreement as follows:

1. Tolling Provision. No statute of limitations on any claim by a current or former employee of Defendant under the FLSA shall run against Plaintiff and any member of the putative collective in this action, and the same shall be tolled, during the period of time while this Agreement is in effect, i.e. **May 5, 2017** to **September 14, 2017**. Additionally, neither Party shall assert or rely upon the period of time while this Agreement is in effect as a bar, laches, or for any other purpose to defeat such a claim. This paragraph does not apply to claims made to enforce this Agreement.

2. Nothing contained in this Agreement shall be deemed an admission by any Party with respect to any allegations or claims.

3. Duration. This Agreement is effective as of **May 5, 2017**, and shall terminate on **September 14, 2017**.

4. Use of Agreement. During the term of this Agreement, Plaintiff shall refrain and forebear from commencing, instituting or prosecuting any lawsuit, action or other proceeding against Defendant raising FLSA claims. Except as specifically stated, this Agreement shall not be deemed to constitute a waiver of any rights, claims or defenses of the Parties to this Agreement, nor shall it be deemed to limit or affect any defense based upon the statute of limitations, laches, or any other limitations (whether equitable, statutory, contractual or otherwise) to the extent such defense could have been asserted on or before **May 5, 2017**.

5. Modification. This Agreement can be modified only in a writing signed by the Parties. This Agreement shall constitute the entire understanding between the Parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

**IT IS SO STIPULATED**.

Dated: May 9, 2017         QUINTILONE & ASSOCIATES

By: _____
RICHARD E. QUINTILONE II,
ALVIN B. LINDSAY,
GEORGE A. ALOUPAS
Attorney for Plaintiff JENNIFER ANDERSON,
on behalf of herself and on behalf of a Class of all
other persons similarly situated and the collective

Dated: May 9, 2017         SEDGWICK LLP

By: __/s/Delia A. Isvoranu_____
ROBERT D. EASSA,
DELIA A. ISVORANU
Attorneys for Defendant, CHEVRON U.S.A. INC.

///

///

JOINT STIPULATION AND AGREEMENT FOR TOLLING OF FLSA CLAIMS;
[PROPOSED] ORDER

**[PROPOSED] ORDER**

The Court has reviewed the above Joint Stipulation and Agreement for Tolling of FLSA Claims ("Joint Stipulation") submitted by Plaintiff, Jennifer Anderson ("Plaintiff"), on behalf of herself and other similarly situated employees of Defendant Chevron USA Inc. ("Defendant") (collectively, "the Parties").

With GOOD CAUSE appearing, and pursuant to the Parties' Joint Stipulation, the Court herby ORDERS that the Joint Stipulation is entered consistent with the terms and the Parties' agreement as set forth above.

**IT IS SO ORDERED**.

Dated: ____5/10____, 2017.



HON. EDWARD M. CHEN
United States District Judge

# PROOF OF SERVICE

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years, and not a party to the within action. I am an employee of or agent for Quintilone & Associates, whose business address is 22974 El Toro Rd., Suite 100, Lake Forest, CA 92630-4961.

On **May 9, 2017**, I served the foregoing document(s):

**JOINT STIPULATION AND AGREEMENT FOR TOLLING OF FLSA CLAIMS; PROPOSED ORDER**

on the following parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

_____ *(BY US-MAIL)* I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Lake Forest, California. I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day. I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this affidavit.

_____ *(BY OVERNIGHT DELIVERY)* I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express or Overnight Express. I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of Quintilone & Associates' business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express or Overnight Express or delivered to a courier or driver authorized by Federal Express or Overnight Express to receive documents on the same date it is placed at Quintilone & Associates for collection.

_____ *(BY FACSIMILE)* By use of facsimile machine number 949.458.9679, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

\_\_\_X\_\_\_ *(BY E-MAIL through ECF)* I caused a true and correct copy of each document to be delivered by Electronic Mail through the Court's ECF system

Executed on **May 9, 2017**, at Lake Forest, California

\_\_\_X\_\_\_ (**FEDERAL**) I declare under penalty of perjury that the above is true and correct.

_____ (**STATE**) I declare under penalty of perjury that the above is true and correct.

_____
ALVIN B. LINDSAY

-1-

PROOF OF SERVICE

# SERVICE LIST

| | |
|---|---|
| Robert D. Eassa, Esq.<br>Delia A. Isvoranu, Esq.<br>Sedgwick, LLP<br>333 Bush Street, 30th Floor<br>San Francisco, CA 94104-2834<br>Phone: 415.627.1578 direct<br>Fax: 877.547.2780<br>Email: Robert.Eassa@sedgwicklaw.com<br>Delia.Isvoranu@sedgwicklaw.com | Counsel for Defendant Chevron U.S.A, Inc. |
| Roger Carter, Esq.<br>Bianca A. Sofonio, Esq.<br>The Carter Law Firm<br>23 Corporate Plaza Drive, Suite 150<br>Newport Beach Ca 92660<br>Telephone: (949) 629-2565<br>Email: rcarter@carterlawfirm.net; bianca@carterlawfirm.net | Co-counsel for Plaintiff and Class |
| Marc H. Phelps, Esq.<br>The Phelps Law Group<br>23 Corporate Plaza Drive, Suite 150<br>Newport Beach CA 92660<br>Telephone: (949) 629-2565<br>Email: marc@phelpslawgroup.com | |

**Q&A Case No.: 16.01263**