| | |
|---|---|
| 1 | RICHARD E. QUINTILONE II (SBN 200995) |
| | GEORGE A. ALOUPAS (SBN 313112) |
| 2 | **QUINTILONE & ASSOCIATES** |
| | 22974 E<small>L</small> T<small>ORO</small> R<small>OAD</small>, S<small>UITE</small> 100 |
| 3 | L<small>AKE</small> F<small>OREST</small>, CA 92630 |
| | T<small>ELEPHONE</small>:   (949) 458-9675 |
| 4 | F<small>ACSIMILE</small>:   (949) 458-9679 |
| 5 | E-M<small>AIL</small>: <small>REQ@QUINTLAW.COM; GAA@QUINTLAW.COM</small> |

Attorneys for Plaintiff, JENNIFER ANDERSON on behalf of herself and on behalf of a Class of all other persons similarly situated

ROBERT D. EASSA, State Bar No. 107970
reassa@duanemorris.com
DELIA A. ISVORANU, State Bar No. 226750
disvoranu@duanemorris.com
**DUANE MORRIS, LLP**
Spear Tower One Market Plaza, Ste. 2200
San Francisco, CA 94105-1127
Telephone: 415.957.3093
Facsimile: 415.520.0814

Attorneys for Defendant, CHEVRON U.S.A. INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| JENNIFER ANDERSON, on behalf of herself and on behalf of a Class of all other persons similarly situated<br><br>     Plaintiff,<br><br>vs.<br><br>CHEVRON U.S.A., INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>     Defendants. | **Case No.: 3:17-cv-00103-EMC**<br><br>**<u>CLASS ACTION</u>**<br><br>**<u>Assigned For All Purposes To:</u>**<br>**Hon. Edward M. Chen**<br><br>**JOINT STATUS REPORT AND REQUEST TO CONTINUE STATUS CONFERENCE**<br><br>**<u>Current Status Conference</u>**<br>**Date:  August 16, 2018**<br>**Time:  10:30 a.m.**<br>**Location:  Courtroom 5, 17th Floor**<br><br>Complaint Filed:  September 7, 2016<br>Removed:  January 9, 2017 |

**JOINT STATUS REPORT**

Plaintiff, Jennifer Anderson ("Plaintiff"), on behalf of herself and other similarly situated employees of Defendant Chevron U.S.A. Inc. ("Defendant") (collectively, "the Parties"), by and through their respective counsel of record, hereby provide the following update on the litigation.

The parties completed the first session of mediation on **October 16, 2017** in San Francisco with **Michael Dickstein, Esq.**, and made substantial progress towards arriving at a resolution. The parties left their initial mediation session – after allowing time for further internal analysis – with an agreement to reengage after 30 days through continued negotiations facilitated by Mr. Dickstein. Counsel for the parties and the *Vincent Clack, Orlando Sampayo and Albert Vega Jr., et al. v. Chevron Corporations, et al.*, Los Angeles Superior Court Case No. BC649514, (the "*Clack*" case).[1] Counsel agreed to mediate the case jointly and have been working diligently on resolving the matter making continued moves after the **October 16, 2017** mediation through the mediator.

Plaintiffs continue to confer and correspond with each other and with Mr. Dickstein and are working to determine if a Settlement of both matters is possible and to address the necessary procedure for seeking approval of a global resolution.

**RECITALS**

Plaintiff, Jennifer Anderson ("Plaintiff"), on behalf of herself and other similarly situated employees of Defendant Chevron U.S.A. Inc. ("Defendant") (collectively, "the Parties"), by and through their respective counsel of record, hereby stipulate to, and jointly request, the Court to enter the concurrently provided [Proposed] Order approving the Parties' Joint Stipulation to Continue their upcoming Status Conference currently set for **August 16, 2018 and other related dates**. This Stipulation is based on the following:

1. Plaintiff filed her Class Action Complaint on **September 7, 2016** in Contra Costa County Superior Court (Case No. MSC16-01724). On **November 16, 2016**, Plaintiff filed her First Amended Class Action Complaint ("FAC"), which is the operative pleading, asserting the following

---

[1] *Clack* is currently pending in Los Angeles County Superior Court before Hon. Carolyn B. Kuhl and was filed on **February 6, 2017** with a proposed class limited to Operators who worked in the refineries and their claims for failure to provide rest periods and derivative claims. Clack was currently stayed by the Superior Court pending resolution of this (Anderson) action.

causes of action against Defendant: (1) Failure to pay wages pursuant to the FLSA [29 U.S.C. §§ 206, 207]; (2) Failure to pay overtime compensation; (3) Failure to provide meal periods; (4) Failure to provide rest periods; (5) Failure to provide accurate itemized wage statements; (6) Failure to pay wages for hours worked; (7) Failure to pay wages due and payable twice monthly; (8) Failure to comply with written request to inspect or copy records; (9) Failure to reimburse business expenses; (10) Failure to pay wages upon termination of employment; (11) Unlawful competition and unlawful business practices; and (12) Violations of the Private Attorneys' General Act ("PAGA"). (See Dkt. #1, Exhibit A for FAC).

2. Defendant removed the action to this Court on **January 9, 2017** (Dkt. No. 1), asserting that the Court has subject matter jurisdiction arising under a federal question pursuant to 28 U.S.C. § 1331, specifically with regard to Plaintiff's First Cause of Action for Failure to Pay Wages pursuant to the FLSA, 29 U.S.C. §§ 206, and 207. Plaintiff has not yet challenged this jurisdiction or sought remand.

3. On **May 5, 2017**, the Court conducted its Initial Case Management Conference with the Parties and, in advance of the Conference, counsel conducted meet and confer discussions and exchanged correspondence, including regarding the possibility of early amicable resolution of Plaintiff's class and collective claims through private mediation.

**Stipulation and Request for Continued Status Conference**

4. Per the **May 5, 2017** Case Management Conference, the Court set a further conference as well as a mediation completion deadline for **September 14, 2017**.

5. The Parties had trouble agreeing on a mediation date based on the conflicting schedules of all involved as well as the inclusion of counsel in a related case, *Vincent Clack, Orlando Sampayo and Albert Vega Jr., et al. v. Chevron Corporations, et al.*, Los Angeles Superior Court Case No. BC649514, (the "*Clack*" case).

6. Ultimately, all counsel agreed to schedule mediation in an attempt to negotiate a global resolution. A mediation date was arranged with **Michael Dickstein Esq.** on **October 16, 2017** in San Francisco, California. As a result, the parties stipulated to continue the mediation completion deadline to **November 1, 2017** and the Case Management Conference to **November 9, 2017** at **10:30**

-3-
JOINT STATUS REPORT AND REQUEST TO CONTINUE STATUS CONFERENCE

**a.m.**, which the Court approved on **September 5, 2017**. (Dkt. No. 28). On **October 30, 2017**, the Court changed the start time of the Conference to **November 9, 2017** at **1:30 p.m**. (Dkt. No. 29) Then, on **November 1, 2017**, the Court changed the start time back to 10:30 a.m. (Dkt. No. 30). The Court also required submission of a Case Management Statement by **November 2, 2017**.

7. As they had planned, the parties completed the first session of mediation on **October 16, 2017** in San Francisco with **Michael Dickstein, Esq.**, and made substantial progress towards arriving at a resolution. The parties left their initial mediation session – after allowing time for further internal analysis – with an agreement to reengage after 30 days through continued negotiations facilitated by Mr. Dickstein. Counsel for the parties and the *Clack* plaintiffs continue to confer and correspond with each other and with Mr. Dickstein and are working to determine if a Settlement of both matters is possible and to address the necessary procedure for seeking approval of a global resolution.

8. The parties have engaged in continued settlement discussions, both directly with each other and through the mediator. The mediator recently conveyed Plaintiff's new demand. Defendant is evaluating the demand and has also engaged an expert to calculate

9. The parties are making progress and continue to communicate with the mediator on an ongoing basis. However, given that the parties are attempting to resolve two separate actions, with over a dozen claims, and the complexity of the allegations, defenses, and alleged damages/penalties, the settlement process has taken longer than the parties expected. Further, Defendant's counsel started trial in another matter on February 20, 2018 which is expected to last approximately four (4) weeks.

10. The parties have all conducted a first round of written discovery and the first session of Plaintiff's deposition was completed in Tennessee. In order to save costs and resources, the parties elected to focus of ongoing settlement discussions before engaging in further discovery.

10. The parties therefore respectfully request the Court to continue the upcoming Status Conference set for **August 16, 2018,** at 10:30 a.m. to **September 27, 2018** at 10:30 a.m., or to a date thereafter that is convenient to the Court.

11. The parties are continuing to engage in active settlement discussions.

///

-4-

Dated: August 13, 2018 **QUINTILONE & ASSOCIATES**

By: _____
RICHARD E. QUINTILONE II,
GEORGE A. ALOUPAS
Attorneys for Plaintiff JENNIFER ANDERSON,
on behalf of herself and on behalf of a Class of all
other persons similarly situated and the collective

Dated: August 13, 2018 **DUANE MORRIS, LLP**

By: _____/s/_____
ROBERT D. EASSA,
DELIA A. ISVORANU
Attorneys for Defendant, CHEVRON U.S.A. INC.

```
IT IS SO ORDERED as modified above.
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen

# **PROOF OF SERVICE**

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years, and not a party to the within action. I am an employee of or agent for Quintilone & Associates, whose business address is 22974 El Toro Rd., Suite 100, Lake Forest, CA 92630-4961.

On **August 13, 2018**, I served the foregoing document(s):

## **JOINT STIPULATION TO CONTINUE STATUS CONFERENCE**

on the following parties in this action addressed as follows:

## **SEE ATTACHED SERVICE LIST**

_____ *(BY MAIL)* I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Lake Forest, California. I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day. I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this affidavit.

_____ *(BY OVERNIGHT DELIVERY)* I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express or Overnight Express. I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of Quintilone & Associates' business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express or Overnight Express or delivered to a courier or driver authorized by Federal Express or Overnight Express to receive documents on the same date it is placed at Quintilone & Associates for collection.

_____ *(BY FACSIMILE)* By use of facsimile machine number 949.458.9679, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

\_\_X\_\_\_ *(BY E-MAIL)* I caused a true and correct copy of each document to be delivered by Electronic Mail.

Executed on **August 13, 2018**, at Lake Forest, California

\_\_\_\_X\_\_\_\_ (**FEDERAL**) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____ (**STATE**) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
RICHARD E. QUINTILONE II

# SERVICE LIST

ROBERT D. EASSA, State Bar No. 107970
reassa@duanemorris.com
DELIA A. ISVORANU, State Bar No. 226750
disvoranu@duanemorris.com
DUANE MORRIS, LLP
Spear Tower One Market Plaza, Ste. 2200
San Francisco, CA 94105-1127
Telephone: 415.957.3093
Facsimile: 415.520.0814

**Attorneys for Defendant, CHEVRON U.S.A. INC.**

Roger R. Carter (SBN 140196)
Bianca A. Sofonio (SBN 179520)
THE CARTER LAW FIRM
23 Corporate Plaza, Suite 150
Newport Beach, Ca 92660
Telephone No. (949) 629-2565
Email: rcarter@carterlawfirm.net; bianca@carterlawfirm.net

Marc H. Phelps (SBN 237036)
THE PHELPS LAW GROUP
23 Corporate Plaza, Suite 150
Newport Beach, Ca 92660
Telephone No. (949) 629-2533
Email: marc@phelpslawgroup.com

**Attorneys for Plaintiff JENNIFER ANDERSON, on behalf of herself and on behalf of a Class of all other persons similarly situated and the collective**

RANDY RENICK (CA Bar No. 179652)
(Email: rrr@hadsellstormer.com)
CORNELIA DAI (CA Bar No. 207435)
(Email: cdai@hadsellstormer.com)
SPRINGSONG COOPER (CA Bar No. 307845)
(Email: scooper@hadsellstormer.com)
HADSELL STORMER & RENICK, LLP
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Fax: (626) 577-7079

JAY SMITH (CA Bar No. 166105)
(Email: js@gslaw.org)
JOSHUA F. YOUNG (CA Bar No. 232995)
(Email: jyoung@gslaw.org)
GILBERT & SACKMAN
A LAW CORPORATION
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
Fax: (323) 937-9139

**Attorneys for Plaintiffs Vincent Clack, Orlando Sampayo, Albert Vega Jr., and Sam Marinelli**

**Q&A Case No.: 16.01263**

PROOF OF SERVICE